**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

*In Re: Boston Scientific Corp.
Pelvic Repair System Products Liability Litigation
MDL No. 2326*

**Civil Action No.** 2:15-cv-11040

_____

## SHORT FORM COMPLAINT

Come now the Plaintiff(s) named below, and for Complaint against the Defendants named below, incorporate The Master Complaint in MDL No. 2326 by reference. Plaintiff(s) further show the court as follows:

1. Female Plaintiff

   Jeanette D. Delgado

2. Plaintiff Husband (if applicable):

   Lazaro M. Delgado

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator)

   _____

4. State of Residence

   Florida

5. District Court and Division in which venue would be proper absent direct filing

   USDC, Florida Middle District Court, Orlando

6. Defendants (Check Defendants against whom Complaint is made):

   (X) A.    Boston Scientific Corporation

   ( ) B.    American Medical Systems, Inc. ("AMS")

() C.       Johnson & Johnson

() D.       Ethicon, Inc.

() E.       C. R. Bard, Inc. ("Bard")

() F.       Sofradim Production SAS ("Sofradim")

() G.       Tissue Science Laboratories Limited ("TSL")

() H.       Mentor Worldwide LLC

() I.       Coloplast Corp.

() J.       Cook Incorporated

() K.       Cook Biotech, Inc.

() L.       Cook Medical, Inc.

() M.       Desarrollo e Investigación Médica Aragonesa, S.L. ("DIMA")

() N.       Neomedic International, S.L.

() O.       Neomedic Inc.

() P.       Specialties Remeex International, S.L.

7.  Basis of Jurisdiction

(X)       Diversity of Citizenship

( )       Other: _____

A.  Paragraphs in Master Complaint upon which venue and jurisdiction lie:

¶¶4-6 _____

B.  Other allegations of jurisdiction and venue

_____

8.  Defendants' products implanted in Plaintiff (Check products implanted in Plaintiff)

    ()          The Uphold Vaginal Support System;

    ()          The Pinnacle Pelvic Floor Repair Kit;

    ()          The Advantage Transvaginal Mid-Urethral Sling System;

    (X)         The Advantage Fit System;

    ()          The Lynx Suprapubic Mid-Urethral Sling System;

    ()          The Obtryx Transobturator Mid-Urethral Sling System;

    ()          The Prefyx PPS System;

    ()          The Solyx SIS System; and/or

    ()          Other:

9.  Defendants' Products about which Plaintiff is making a claim. (Check applicable products)

    ()          The Uphold Vaginal Support System;

    ()          The Pinnacle Pelvic Floor Repair Kit;

    ()          The Advantage Transvaginal Mid-Urethral Sling System;

    (X)         The Advantage Fit System;

    ()          The Lynx Suprapubic Mid-Urethral Sling System;

    ()          The Obtryx Transobturator Mid-Urethral Sling System;

    ()          The Prefyx PPS System;

    ()          The Solyx SIS System; and/or

    ()          Other:

10. Date of Implantation as to Each Product

    <u>11/21/2012</u>

11. Hospital(s) where Plaintiff was implanted (including City and State)

    <u>Shands at the University of Florida (Gainesville, Florida)</u>

12. Implanting Surgeon(s)

    <u>Emily Weber Lebrun, M.D.</u>

13. Counts in the Master Complaint brought by Plaintiff(s)

    (X) Count I - Negligence

    (X) Count II – Strict Liability – Design Defect

    (X) Count III – Strict Liability – Manufacturing Defect

    (X) Count IV – Strict Liability – Failure to Warn

    (X) Count V – Breach of Express Warranty

    (X) Count VI – Breach of Implied Warranty

    (X) Count VII – (By the Husband) – Loss of Consortium

    (X) Count VIII – Discovery Rule, Tolling and Fraudulent Concealment

    (X) Count IX – Punitive Damages

    (X)  Other Count  <u>X - Violation of Consumer Protection Laws.</u>  If Plaintiff asserts

    additional claims, please state the factual and legal basis for these claims below:

    <u>At the time these acts and omissions were made, Defendant, Boston Scientific</u>
    <u>Corporation ("Defendant"), knew or should have known that such conduct</u>
    <u>was in violation of M.G.L. c.93A, § 2(a) and regulations promulgated</u>
    <u>thereunder. By engaging in the acts and omissions described herein, and in</u>
    <u>accordance with 940 Code Mass. Reg. § 3.16(2) and 3.08(2), Defendant is in</u>
    <u>violation of M.G.L. c. 93A, § 2(a).  As a result of Plaintiffs' reliance and as a</u>
    <u>direct and proximate cause of the Defendant's willful or knowing unfair or</u>
    <u>deceptive acts or practices, Plaintiffs sustained serious and permanent</u>
    <u>injuries. Plaintiffs, through counsel, timely served a demand letter to</u>
    <u>Defendant in compliance with M.G.L. c. 93A.  To date, Defendant has not</u>

- 4 -

accepted the offer of settlement, and in fact, specifically denies Plaintiffs' demand for relief under 93A altogether. Plaintiffs demand judgment against Defendant pursuant to M.G.L. c.93A and request that this Court award them actual damages and that they be trebled; Plaintiffs further request that this Court award attorney's fees and costs and such other relief as this Court deems just.

Dated this 13th day of July, 2015.

*/s/ Douglass A. Kreis*
Attorney for Plaintiff Jeanette D. Delgado
D. Renee Baggett, Esq.
Florida Bar Number: 0038186
Bryan F. Aylstock, Esq.
Florida Bar Number: 78263
Douglass A. Kreis, Esq.
Florida Bar Number: 0129704
AYLSTOCK, WITKIN, KREIS &
OVERHOLTZ, PLLC
17 E. Main Street, Suite 200
Pensacola, Florida 32502
Phone: (850) 202-1010
Fax:    (850) 916-7449
Email: dkreis@awkolaw.com
        baylstock@awkolaw.com
        rbaggett@awkolaw.com